# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **MARTHA HUMPHREY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-12-S-2968-NE** |
| ) | |
| **MORGAN COUNTY** ) | |
| **COMMISSION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Martha Humphrey, asserts claims against her former employer, the Morgan County Commission, for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*[1] The case currently is before the court on defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Upon consideration of the motion and plaintiff's response,[3] the court concludes that the motion is due to be denied.

### I. TIMELINESS

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 10.

[3] Doc. no. 14.

Defendant first asserts that plaintiff's complaint was untimely because it was not filed within ninety (90) days of her receipt of a right to sue letter from the Equal Employment Opportunity Commission ("EEOC").  A plaintiff asserting a discrimination claim under the ADEA must file suit "within 90 days after the date of the receipt" of a notice from the EEOC of the dismissal or other termination of administrative proceedings. 29 U.S.C. § 626(e).  Similarly, a Title VII plaintiff must file suit "within ninety days after the giving of . . . notice" that the plaintiff's charge of discrimination has been dismissed by the EEOC.  42 U.S.C. § 2000e-5(f)(1).  *See also Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000) (citing *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339-41 (11th Cir. 1999)) ("Title VII and ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge.").  The plaintiff "has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter." *Green v. Union Foundry Co.,* 281 F.3d 1231, 1333-34 (11th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1); *Santini*, 232 F.3d at 825).  If the defendant disputes whether the plaintiff has satisfied this burden, "the plaintiff has the burden of establishing that he met the ninety day filing requirement." *Green,* 281 F.3d at 1334 (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)).  As the cases cited above make clear,

the ninety-day filing period begins to run on the date the plaintiff *receives* the right to sue letter, not the date on which the EEOC *sends* the letter.

In the present case, the EEOC sent plaintiff a Dismissal and Notice of Rights letter (*i.e.,* a "right to sue" letter) on May 25, 2012.[4] Plaintiff did not file this lawsuit until September 13, 2012, or 112 days after the right to sue letter was sent.[5] Thus, defendant has questioned whether plaintiff has complied with the ninety-day filing requirement, and the burden shifts to plaintiff to establish that she did in fact meet that requirement. She has done so by submitting both her own affidavit and the affidavit of her former attorney, Gregg Smith. Plaintiff states in her affidavit that she personally "never received a Right to Sue Letter or similar notification from the Equal Employment Opportunity Commission, or anyone or anything associated with it."[6] Mr. Smith, who represented claimant during the relevant time period, states in his affidavit that he did not receive a copy of the EEOC's right to sue letter until June 30, 2012, despite the fact that the letter was dated May 25, 2012.[7] These sworn statements, which have not been controverted by defendant, establish that plaintiff did not receive a copy of the right to sue letter until June 30, 2012, which is only seventy-

---

[4] *See* doc. no. 10, at Exhibit 1.
[5] *See* Complaint.
[6] Doc. no. 14, Exhibit 1 (Affidavit of Martha Humphrey), at 1.
[7] Doc. no. 14, Exhibit 2 (Affidavit of Gregg Smith) ¶ 4.

six days before plaintiff's complaint was filed on September 13, 2012. Accordingly, plaintiff's ADEA and Title VII claims will not be dismissed as untimely.

## II. SERVICE OF PROCESS

Defendant also asserts that plaintiff's complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 4(m), because plaintiff did not effect service of process upon defendant within 120 days of filing her complaint.[8] That argument is without merit, because the court already has allowed plaintiff an extension of time until April 19, 2013, to effect service,[9] and plaintiff served defendant well within that extended deadline.[10] Accordingly, plaintiff's complaint will not be dismissed for failure to timely effect service of process.

## III. CONCLUSION AND ORDER

In accordance with the foregoing, it is ORDERED that defendant's motion to dismiss is DENIED. Defendant must file an answer to plaintiff's complaint within

---

[8] Federal Rule of Civil Procedure 4(m) provides that,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[9] Doc. no. 6.

[10] *See* doc. no. 9 (Return of Service, reflecting service by February 21, 2013, at the latest).

fourteen days of the date of this order, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

DONE this 1st day of April, 2013.

_____
United States District Judge